# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                               Criminal No. 05-CR-81042-DT

v.                               Civil Case No. 07-CV-11320-DT

MALINDA BEATRICE SMITH MCGEE,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant Malinda Beatrice Smith McGee pleaded guilty to one count of bank fraud on January 31, 2006 and was sentenced on June 8, 2006. Defendant now seeks to vacate her sentence, claiming that (1) her voluntary restitution payments justify a downward departure; (2) her criminal history points were calculated incorrectly; and (3) she is entitled to an additional one-point reduction for her early acceptance of responsibility. For the reasons set forth below, the court will deny Defendant's motion.[1]

### I. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

---

[1]On April 18, 2007, the court generated and filed a standard form order requiring a response to Defendant's § 2255 motion. After further review of Defendant's motion, however, the court determines that a response is not necessary.

attack." Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## II. DISCUSSION

Defendant seeks a downward departure based on her voluntary restitution payments, a reduced sentence based on a recalculation of her criminal history points, and an additional one-point reduction for acceptance of responsibility. Defendant admits, however, that she did not raise any of these issues on direct appeal.[2] (Def.'s Mot. at 3, 6.) Accordingly, Defendant has waived these issues. *United States v. Frady*, 456 U.S. 152, 165 (1982) ("[C]ollateral challenge may not do service for appeal.").

When a defendant does not raise an issue on direct appeal, the issue can be asserted on collateral attack, but the defendant must show cause to excuse her failure to appeal the issue and actual prejudice. *Id.* at 167-68. "In order to satisfy this standard, a defendant must 'shoulder the burden of showing, not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . .'" *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993) (citing *Frady*, 456 U.S. at 170). "The *Frady* cause and prejudice standard applies

---

[2]Furthermore, Defendant admits that she failed to raise both her second and third issues at sentencing. (Def.'s Mot. at 6.) As to the second and third issues, therefore, Defendant has double-defaulted. *See Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) ("[B]y failing to raise it at sentencing or on direct appeal, [defendant] waived [his] claim. Therefore, in order to pursue this claim through a collateral attack on his sentence, he was required to demonstrate in the § 2255 proceedings before the district court cause and prejudice to excuse the double default.").

to a defendant who pleads guilty and first asserts a claim for relief in a collateral

proceeding." *Ratliff*, 999 F.2d at 1025.

In this case, Defendant has offered no excuse for her failure to appeal her

conviction or sentence.  Thus, the court finds that Defendant has failed to demonstrate

cause for her failure to appeal and concludes that Defendant's § 2255 petition is not

reviewable.

### III.  CONCLUSION

IT IS ORDERED that Defendant's Motion to Vacate Sentence under 28 U.S.C. §

2255 [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the clerk of the court is DIRECTED to close the

above-captioned matters (Case No 07-CV-11320).


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, April 30, 2007, by electronic and/or ordinary mail.


 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\05-81042.MCGEE.Deny2555.wpd

3