**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 05-CR-81042

MALINDA BEATRICE SMITH McGEE

    Defendant.
                                        /

**OPINION AND ORDER CONSTRUING DEFENDANT'S "MOTION TO MODIFY SENTENCE" AS A SUCCESSIVE PETITION FOR HABEAS CORPUS UNDER 28 U.S.C § 2255 AND TRANSFERRING THE PETITION TO THE COURT OF APPEALS**

Pending before the court is Defendant's "Motion to Modify Sentence." The United States has not responded to the motion, and neither party has submitted briefs in support of their positions. For the reasons stated below, Defendant's motion will be transferred to the U.S. Court of Appeals for the Sixth Circuit.

**I. BACKGROUND**

On January 31, 2006, Defendant pleaded guilty to bank fraud and, on June 8, 2006, was sentenced to twelve months imprisonment and four years supervised release. On March 26, 2007, Defendant filed a "Motion Under 28 U..S.C. [sic] § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." According to "Ground Two" supporting her motion, Defendant argued "that the court calculated [her] criminal history points erroneously." (03/26/07 Mot. at 16.) On April 30, 2007, this court entered an "Order Denying Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." On May 29, 2007, Defendant filed the instant motion

"respectfully requesting that a one (1) point deduction occur resulting in a sentence modification . . . [t]hereby reducing her criminal history point calculation which may result in a sentence modification pursuant to guideline specifications."  (Def.'s Mot. at 2.)

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Such motion, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

Although Defendant does not specify under what authority he brings his motion, the title "Motion to Modify Sentence" may, at first blush, appear to implicate Federal Rule of Civil Procedure 60(b) addressing relief from judgment.  However, the U.S. Supreme Court, in *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), found that a pleading, which is in substance a successive habeas petition, should be treated accordingly.  Because Defendant's motion in the instant case is an attempt to attack her sentence, it is the equivalent of a habeas petition under § 2255.

Defendant already filed a § 2255 motion, arguing that the sentence imposed for her admittedly unlawful conduct was erroneously calculated under the relevant federal sentencing guidelines. (03/26/07 Mot. at 16.) Defendant's motion was denied by this court and the instant successive motion was filed. Treatment of this motion as an additional habeas petition would require Defendant's adherence to the requirements of § 2255. That provision states that "[a] second or successive motion must be certified as provided in section 2244." 28 U.S.C. § 2255. Section 2244 mandates that federal prisoners attempting to attack a sentence pursuant to § 2255 "request from the court of appeals an order authorizing the district court to entertain the second or successive request." *In re Simms*, 111 F.3d 45, 46 (6th Cir. 1997) (citing 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 518 U.S. 651(1996)). Here, Defendant filed this second § 2255 motion directly with the district court, "entirely ignoring the permission requirement of § 2244(b)(3)." *Id.* at 47. Before this court may address the substance of this motion, Defendant must obtain authorization from the Sixth Circuit Court of Appeals. This court's lack of jurisdiction does not, however, require Defendant to refile her motion with the Sixth Circuit Court of Appeals. This court must, pursuant to 28 U.S.C. § 1631, transfer Defendant's petition to the circuit court for authorization. *See In re Simms,* 111 F.3d at 47.

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Modify Sentence" [Dkt # 65] is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for a determination of whether certification should issue pursuant to 28 U.S.C. § 2244.

3

S/Robert H. Cleland
                            ROBERT H. CLELAND
                            UNITED STATES DISTRICT JUDGE

Dated: June 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2007, by electronic and/or ordinary mail.

                            S/Lisa Wagner
                            Case Manager and Deputy Clerk
                            (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\05-81042.McGEE.SecondSuccessive.2255.wpd